The plaintiff petitioned to sell certain lands for partition, alleging that the lands had been held by herself and the defendant, then husband and wife, by the entirety, but that she had obtained an absolute divorce; whereupon, by operation of law, she and the defendant now hold them as tenants in common. The defendant pleaded sole seizin, and the cause was transferred to the civil issue docket for trial.
The defendant in his answer admitted that the petitioner had obtained an absolute divorce, and this admission was introduced in evidence, to which defendant excepted.
The deed to one parcel of the land was exhibited in evidence, showing upon its face that title was made to the petitioner and respondent by the entirety. As to the remaining parcel of land involved in the controversy, parol evidence was introduced, to which the defendant made no objection, to the effect that it also had been held by the entirety.
Plaintiff testified that she had delivered the deeds to her husband and had not seen them since.
On cross-examination, it was elicited from petitioner that she lacked about two months of having resided in Georgia a year at the time she filed her suit for divorce.
The defendant testified that he furnished the money to buy the property, but that he never saw the deed. Asked as to whose name the property was in, he replied, "she said it was in mine and hers."
In his charge to the jury, in reciting the evidence, the judge referred to the testimony of the plaintiff petitioner that she had delivered the deed to her husband, along with other valuable papers, and that she had not seen it since, and added, "he goes upon the stand and does not make any denial of that being true." Defendant excepted.
Four issues were submitted to the jury, as follows:
"1. Were the plaintiff and the defendant lawfully married as alleged in the complaint?"
"2. Did the plaintiff secure an absolute divorce from the defendant, as alleged in the complaint?
"3. Were the deeds to the property described in the complaint made to the plaintiff and the defendant as tenants by the entirety?
"4. Is the plaintiff a tenant in common with the defendant in the lands described in the complaint?"
As to the third issue, the court charged the jury that "if you believe the evidence on the third issue and find it to be true, it would be your duty to answer the third issue YES," and to this the defendant excepts. *Page 557 
Upon the fourth issue, the judge charged that if the deeds had been made to the husband and wife, and that thereafter she had obtained an absolute divorce from him, this would, as a matter of law, make them tenants in common to the lands described in the petition. The defendant excepted.
The court further charged the jury that if they answered the second issue Yes and the third issue Yes, then, as a matter of law, they should answer the fourth issue Yes, to which the defendant excepted.
The defendant, pending the trial, moved that a juror be withdrawn and a mistrial ordered because of newly discovered evidence relating to the validity of the Georgia divorce, which motion was overruled, and the defendant objected and excepted.
The case went to the jury and resulted in verdict and judgment for the plaintiff. Defendant excepted and appealed, assigning error.
Perhaps the exception upon which the appellant mostly relies relates to the attack attempted to be made on the validity of the Georgia divorce and the refusal to cause a mistrial in order that the attack might be sustained by evidence, or by resort to the Georgia law. We think, however, that the defendant is precluded from that line of attack by the admission in his answer, which he did not seek to amend. The implication is clear that a valid divorce had been obtained.
In a normally tried case, it is possible that the defendant had some equities which he might have defended, and correspondingly, the case of the plaintiff may have been vulnerable because of the absence of one deed to the property and the necessity for laying a basis for the introduction of parol evidence as to its contents. The defendant, however, made no objection to the proof by parol, but on the contrary rather contributed to the departure from orderly procedure in this respect by his own testimony. Upon the record there is nothing which this Court can now do in aid of his appeal.
We have examined the other objections and do not find them meritorious.
The judgment is
Affirmed. *Page 558